MEMORANDUM *
California state prisoner Juan Antonio Falcon appeals the district court’s grant of summary judgment in this 42 U.S.C. § 1988 action. Falcon’s family used an approved inmate package vendor to send Falcon a birthday care package. Due to a disciplinary matter, Falcon was ineligible to receive packages; approximately five months after the package was sent, Correctional Officer M. Farley returned the package to the vendor. Falcon alleges that Farley violated his First Amendment right to receive mail by returning the package. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.
While Falcon is now represented by pro bono counsel, he was pro se before the district court. We review a district court’s grant of summary judgment de novo. Albino v. Baca, 747 F.3d 1162, 1168 (9th Cir.2014) (en banc). “In our de novo review of a district court’s summary judgment ruling, we view the evidence in the light most favorable to the non-moving party.” Id. ‘We construe liberally the filings and motions of a pro se inmate in a civil suit.” Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir.2010).
The district court erred in holding that the return of Falcon’s package did not implicate the First Amendment. As both parties agreed at oral argument, Falcon had a First Amendment right to receive the rock CD contained within his package. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir.1995) (per curiam) (“Appellant, as a prison inmate, enjoys a First Amendment right to send and receive mail.”); see also Hrdlicka v. Reniff, 631 F.3d 1044, 1049 (9th Cir.2011) (“A First Amendment interest in distributing and receiving information does not depend on a recipient’s prior request for that information.”).
In addition, the district court failed to view the facts in the light most favorable to the nonmoving party, Falcon. Prison officials may limit a prisoner’s First Amendment rights if the limitation is “ ‘reasonably related’ to legitimate peno-logical objectives.” See Turner v. Safley, 482 U.S. 78, 87, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Thus, the key question is whether Farley’s return of Falcon’s package to the vendor was reasonably related to a legitimate penological objective. While Farley represents that the package was returned pursuant to prison regulations, Falcon not only contests the factual accuracy of that statement, but points to the undisputed fact that Farley’s superior Sergeant Marta ordered the return of his (and others’) packages and asserts that Farley actually withheld his package as part of a retaliatory extortion scheme. If the package was actually returned to the vendor as part of such a scheme, and not pursuant to prison regulations, its return is not reasonably related to a legitimate *583 penological objective. See id. Accordingly, a genuine dispute of material fact exists as to the reason for the package’s return, and the grant of summary judgment was improper. Fed.R.Civ.P. 56. We therefore reverse the grant of summary judgment and remand for proceedings consistent with this disposition.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.